In *Smith* v. *Reeves*, from Buncombe:

RUFFIN, J. In this cause there was judgment for the defendant in the court below and the plaintiff appealed. A motion is made here to dismiss that appeal upon the ground that no undertaking upon the appeal was given within the time prescribed by law. In support of the motion, the defendant offers the affidavit of the deputy clerk of the superior court of Buncombe county, to show the time and circumstances under which the instrument which purports to

be such an undertaking was brought to that office, and in opposition to the motion the plaintiff offers the affidavit of his attorney, C. A. Moore, Esq., upon the same points.

It is only necessary that we should consider the latter, for taking the facts to be as there stated, we are obliged to hold that the requirements of the law have not been complied with.

Mr. Moore states that on the 19th day of September, 1881, (that being the last day on which the undertaking could be given in order to perfect the appeal in the cause) he took the instrument signed by himself alone to the clerk's office, and procured the deputy clerk to enter the date of filing, remarking that he did this in order to be certainly in time. He then asked, and was permitted to take the paper away, that he might get other parties to sign it. In consequence of his being called away from home, he left the paper with another person with instructions as to procuring the signature of another party. Upon his return sometime afterwards, he ascertained that Mr. A. H. Baird had signed it, and meeting with him they went together to the clerk's office when Mr. Baird intended to justify the undertaking; but finding the door locked, they left without its being done at that time, but afterwards Mr. Moore, himself, justified it.

To render an appeal effectual for any purpose, a written undertaking must be filed by the appellant. C. C. P., § 303. The respondent may except to the sufficiency of the sureties within ten days after notice of the appeal. § 310.

The statute evidently contemplates that when filed the undertaking shall be complete in all its parts. To permit an unfinished instrument to be filed, and immediately withdrawn for any purpose, is to do away with all restrictions upon the will or discretion of the appellant. An appeal is no longer a matter of favor but of strict right, *provided* the party will comply with the requirements of the law, but if this be not done, then the right of the respondent to have

the appeal declared ineffectual and dismissed is an absolute one secured to him by the same statute—leaving nothing to the discretion of the court.

The respondent in this case insisting that the undertaking, alleged to have been given, was neither of the character, nor filed within the time prescribed by the statute, demands his strict legal rights, and the court has no power to withhold them.

The plaintiff's appeal is therefore dismissed.

PER CURIAM.                         Appeal dismissed.